WILLIAM MILLEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 15, 1954.

No. 36,317.

---

[1]Reported in 66 N. W. (2d) 777.

*Edwin C. Matthias, Anthony Kane, W. P. Westphal,* and *Don E. Engle,* for relator.

*William A. Cole, Davis, Rerat, Yaeger & Lush, Eugene A. Rerat,* and *Harry H. Peterson,* and *Edward B. Henslee* and *Paul F. Clements,* of counsel, for respondent.

*Hvass, Weisman, Peterson, King & Schwappach* and *Howard M. Metzenbaum,* of counsel, for International Association of Machinists, *amicus curiae.*

*Hvass, Weisman, Peterson, King & Schwappach* and *Mulholland, Robie & Hickey,* for Railway Labor Executives' Association, *amicus curiae.*

FRANK T. GALLAGHER, JUSTICE.

The pertinent facts upon which defendant bases its petition to this court for a peremptory writ of mandamus are these: Plaintiff is a resident of Great Falls, Montana, where he was employed by defendant railway company as a switchman. On April 26, 1953, while working as a switchman in defendant's yards at Great Falls, he claims to have received an injury as a result of the negligence of defendant in failing to provide plaintiff a reasonably safe place to work, in permitting tracks to be in a dangerous condition, in failing to warn plaintiff of such dangerous conditions, and in failing to comply with rules and practices prevailing in the railroad yard.

In August 1953, plaintiff commenced an action in the district court of St. Louis county to recover damages under the federal employers' liability act (35 Stat. 65, as amended, 45 USCA, § 51, *et seq.*) arising out of the alleged accident at Great Falls, Montana. Defendant answered the complaint, raising the issues above referred to, and also made a motion to dismiss the action—

"with prejudice to the commencement of any further action by this plaintiff against this defendant upon the same cause of action in

any District Court of the State of Minnesota, but otherwise without prejudice; * * *."

Defendant's motion was based upon the grounds of inconvenience, harassment, and unreasonableness, as set forth in paragraph 4 of its petition for a peremptory writ of mandamus. That motion was argued by both sides before the district court of St. Louis county on September 17, 1953, but, prior to the decision of that court on the motion, plaintiff voluntarily dismissed the action without prejudice on November 3, 1953.

On the following day, the present action on the identical cause of action pleaded in an identical complaint was commenced in the district court of Wadena county, Minnesota. Defendant's answer raised the same issues as previously set forth. On December 5, 1953, defendant made and argued a similar motion for dismissal of the Wadena county action based on the same grounds of inconvenience, harassment, and unreasonableness as was the prior motion in the St. Louis county action. The motion was based on affidavits set forth in exhibits C and E of the petition. On January 4, 1954, the district court of Wadena county made and filed an order denying defendant's motion to dismiss. In a memorandum made a part of the order the court said:

"* * * The situation is such that this court would be justified in granting the pending motion if it had discretion so to do, * * *."

Defendant seeks a peremptory writ commanding said court to set aside its order.

The legal issue raised by defendant is whether a district court of the state of Minnesota possesses the power, under the doctrine of *forum non conveniens,* to decline to exercise the jurisdiction which it has under the federal employers' liability act.

It is our opinion that our decision filed this date in Johnson v. Chicago, Burlington & Quincy R. Co. 243 Minn. 58, 66 N. W. (2d) 763, is determinative of the legal issues raised in this case. In view of that decision, we deem it unnecessary to pass on the question

84

whether defendant's petition for a peremptory writ of mandamus should be granted. The case is therefore remanded with instructions that the trial court vacate its order denying defendant's motion to dismiss and reconsider the matter in the light of the opinion in the above-mentioned case.

Remanded.

Mr. Justice Thomas Gallagher took no part in the consideration or decision of this case.

Mr. Justice Nelson took no part in the consideration or decision of this case.